**IN THE COURT OF APPEALS OF IOWA**

No. 20-0140
Filed April 1, 2020

**IN THE INTEREST OF E.C. and E.C.,**
**Minor Children,**

**F.C.-R., Father,**
Appellant.

_____

Appeal from the Iowa District Court for Marshall County, Paul G. Crawford, District Associate Judge.

A father appeals the termination of his parental rights. **AFFIRMED.**

C. Aron Vaughn of Kaplan & Frese, LLP, Marshalltown, for appellant father.

Thomas J. Miller, Attorney General, and Charles K. Phillips, Assistant Attorney General, for appellee State.

Mary Cowdrey, Marshalltown, attorney and guardian ad litem for minor children.

Considered by Vaitheswaran, P.J., and Doyle and May, JJ.

**MAY, Judge.**

The father appeals from the termination of his parental rights to his two children, E.C. and E.C.  On appeal, he argues termination is not in the children's best interests and the juvenile court erred in not deciding placement before termination.  We affirm.

We review termination proceedings de novo.  *In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010).  "We will uphold an order terminating parental rights where there is clear and convincing evidence of the statutory grounds for termination.  Evidence is clear and convincing when there is no serious or substantial doubt as to the correctness of the conclusions of law drawn from the evidence."  *In re T.S.*, 868 N.W.2d 425, 431 (Iowa Ct. App. 2015) (citing *In re D.W.*, 791 N.W.2d 703, 706 (Iowa 2010)).

The father first claims termination is not in the best interests of the children.  Under the best-interest analysis, "the [juvenile] court shall give primary consideration to the child[ren]'s safety, to the best placement for furthering the long-term nurturing and growth of the child[ren], and to the physical, mental, and emotional condition and needs of the child[ren]."  Iowa Code § 232.116(2) (2019).  The juvenile court found termination was in the children's best interests and noted placement with the foster family or a relative "would offer them more safety, security, and opportunity to flourish."

The father has struggled with methamphetamine use throughout the pendency of this case.  In fact, at the termination hearing, he testified he used methamphetamine four days prior.  And before that, he admitted to multiple relapses.  The father never completed a substance-abuse evaluation for the Iowa

Department of Human Services (DHS). He was not consistent with drug testing and missed about fifteen drug tests. Because the father has relapsed multiple times without ever seeking treatment, we fear such behavior will continue. *See In re J.P.*, No. 19-1633, 2020 WL 110425, at *2 (Iowa Ct. App. Jan. 9, 2020) ("Given the father's consistent use of methamphetamine, short period of sobriety, and lack of engagement in any treatment program, we fear relapse is likely.").

Moreover, the father has not sought mental-health treatment, as recommended by DHS. He had a few evaluations, but he never followed through with treatment. There were also concerns about the children's safety while in the father's care. A Family Safety, Risk, and Permanency worker testified she had concerns about the father's parenting and noted the father did not appreciate the danger of having an axe in the living room or leaving broken glass near the children's play area. We recognize "the court shall give primary consideration to the child[ren]'s safety." Iowa Code § 232.116(2); *see In re J.E.*, 723 N.W.2d 793, 802 (Iowa 2006) (Cady, J., specially concurring) (noting safety is a "defining element[]" in the best-interest analysis). Given these concerns, we find termination is in the children's best interests.

The father briefly mentions the juvenile court should have granted additional time rather than terminating his rights. Iowa Code section 232.104(2)(b) allows a court to defer termination for six months if "the need for removal of the child[ren] from the child[ren]'s home will no longer exist at the end of the additional six-month period." But, as the juvenile court noted, the father is currently in prison with an anticipated release date of October 2020. And the court found that, after six months, the "father [would] still be in prison and in no position to parent." Likewise,

we see no evidence that the need for termination will be extinguished after an additional six months. *See* Iowa Code § 232.104(2)(b); *see also In re A.C.*, 415 N.W.2d 609, 614 (Iowa 1987) ("It is unnecessary to take from the children's future any more than is demanded by statute.").

Finally, the father contends the juvenile court erred in deciding placement of the children after termination. He argues the paternal aunt should have been appointed guardianship before terminating. In its order, the juvenile court noted that "[a]t the outset of the [termination] hearing, parties agreed IF the court terminated the father's parental rights, THEN the Court would hold a future hearing as to where the children should ultimately be placed . . . ." The juvenile court then appointed DHS as the guardian "until further order."

This court has previously found a juvenile court may reserve permanency rulings until after termination. *See In re E.B.*, No. 18-0486, 2018 WL 2727843, at *3 (Iowa Ct. App. June 6, 2018) ("We find the juvenile court's decision to reserve ruling on the modification [of permanency] motion pending termination was not inappropriate."); *In re C.R.*, No. 18-0592, 2018 WL 2725411, at *3 (Iowa Ct. App. June 6, 2018) (same); *see also* Iowa Code § 232.117(3) ("If the court concludes that facts sufficient to sustain the petition have been established . . . , the court may order parental rights terminated. If the court terminates the parental rights of the child[ren]'s parents, the court shall transfer the guardianship and custody of the child[ren] . . . ."). We find no error in the juvenile court's procedure here.

**AFFIRMED.**